UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:03 CR 0086(1) |
| ) | |
| MARVIN H. COSTNER ) | |
| ****************************** ) | |
| MARVIN H. COSTNER, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civil No. 3:05 CV 0153 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## MEMORANDUM, OPINION, AND ORDER

This court takes full judicial notice of the record in this case. On October 3, 2005, Marvin H. Costner filed a Notice of Appeal which the court construes as an application for a Certificate of Appealability ("CA"). Mr. Costner also filed a motion to proceed in forma pauperis, pursuant to 18 U.S.C. § 1925A or 42 U.S.C. § 1997(c).

When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)(*quoting Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). Congress established this requirement in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot v. Estelle*, 463 U.S. at 892. The court's discretion on whether to

grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. Id. at 893.

Mr. Costner asserted that he was entitled to a CA "the court retained jurisdiction to reach the merits fo pleading filed under 28 U.S.C. § 2255, and failure to reach those merits violated the petitioner's Sixth Amendment right that is guaranteed by the Constitution." Petitioner's Motion at 1. At the December 30, 2003 Change of Plea Hearing, the proceedings were under oath and complied with the demands of Rule 11, Federal Rules of Criminal Procedure. The Defendant entered into the plea with written plea agreement and agreed to the waivers contained therein. That agreement–and the waivers contained in it–is valid. *See United States v. Lockwood*, 416 F.3d 604, 605 (7th Cir. 2005). *Lockwood* is binding precedent and must be followed here. It precludes this court from granting relief as now requested under 28 U.S.C. § 2255.

Accordingly, petitioner's application for a Certificate of Appealability is hereby **DENIED**.

**IT IS SO ORDERED**.

**DATED: December  5 , 2005**

                                               **S/ ALLEN SHARP**
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**